1   LAFAYETTE & KUMAGAI LLP
    GARY T. LAFAYETTE (State Bar No. 088666)
2   glafayette@lkclaw.com
    SUSAN T. KUMAGAI (State Bar No. 127667)
3   skumagai@lkclaw.com
    AFRICA E. DAVIDSON (State Bar No. 225680)
4   adavidson@lkclaw.com
    1300 Clay Street, Suite 810
5   Oakland, California  94612
    Telephone:    (415) 357-4600
6   Facsimile:     (415) 357-4605

7   Attorneys for Defendant
    UNITED PARCEL SERVICE, INC.
8

9                     UNITED STATES DISTRICT COURT

10                 EASTERN DISTRICT OF CALIFORNIA

11

12

13   RORDARA CHHORN,                          Case No.

14              Plaintiff,
                                              **NOTICE OF REMOVAL OF ACTION
15   vs.                                      UNDER 28 U.S.C. § 1441(b) (DIVERSITY)**

16   UNITED PARCEL SERVICE CO., a
     corporation; UNITED PARCEL SERVICE
17   OF AMERICA, INC., business entity form
     unknown; UNITED PARCEL SERVICE,
18   INC, a corporation; and DOES 1 through
     100,
19
                Defendants
20

21

22

23

24

25

26

27

28

                                                                            1

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant United Parcel Service, Inc. ("UPS" or "Defendant") hereby removes to this Court the state court complaint described below.  No other defendant has been served in this action.[1]

1.   On or about April 19, 2018, an action was commenced in the Superior Court of the State of California, County of San Joaquin, entitled *Rordara Chhorn v. United Parcel Service, Co. et al,* Case No. STR-CV-UOE-2018-4544 (the "Action").

2.   On May 1, 2018, United Parcel Service, Inc. (UPS or "Defendant") was served with the Summons and Complaint.  (True and correct copies of the Summons and Complaint, served upon Defendant through Corporation Service Company are attached hereto as **Exhibit A.**)

3.   On May 29, 2018, UPS filed and served an Answer to the Complaint in the San Joaquin County Superior Court.  (A true and correct copy of UPS's Answer to the Complaint is attached hereto as **Exhibit B.**)  Exhibits A and B constitute all the pleadings that have been filed in this action as of the date of the filing of this Notice of Removal.

4.   This Notice of Removal has been filed within thirty (30) days after UPS was deemed served with a copy of the Complaint upon which this action is based.  *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 353 (1999) (service of process is the official trigger for responsive action by a named defendant).  This Notice of Removal is therefore filed within the time period provided by 28 U.S.C. §1446(b).

5.   In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies a copy of this Notice of Removal and all supporting pleadings will be promptly served on Plaintiff Rordara Chhorn ("Plaintiff") filed with the Clerk of the San Joaquin County Superior Court.  Therefore, all procedural requirements under 28 U.S.C. § 1446 will be satisfied.

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
(415) 357-4600
FAX (415) 357-4605

[1] Plaintiff also names as defendants in this action United Parcel Service Co. and United Parcel Service of America, Inc. However, the foregoing entities have not been served with Summons and Complaint. Moreover, neither entity is a citizen of California. United Parcel Service Co. is incorporated under the laws of Delaware with a principal place of business in Kentucky. United Parcel Service of America, Inc. is incorporated and has its principal place of business in Atlanta, Georgia. Both entities are subsidiaries of Defendant United Parcel Service, Inc.

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
(415) 357-4600
FAX (415) 357-4605

6.     Venue of this action lies in the United States District Court for the Eastern District of California pursuant to 28 U.S.C. §§ 1441, et seq. and 1391(a) because this is the judicial district of the court in which Plaintiff alleges the action arose. (*See* Complaint at ¶2.)

7.     This action is a civil action of which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(b), in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

## DIVERSITY OF CITIZENSHIP

8.     Diversity jurisdiction exists where there is diversity of citizenship between the parties at the time the lawsuit is filed. *See Grupo Dataflux v. Atlas Global Group*, 541 U.S. 567, 570 (2004).

9.     To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and domiciled in a particular state. *Kantor v. Wellesley Galleries, Ltd.,* 704 F.2d 1088, 1090 (9th Cir. 1983).  Persons are domiciled in the places where they reside with the intent to remain or to which they intend to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  Plaintiff was, at the time of filing the Complaint, and still is a resident and citizen of the state of California as stated in Plaintiff's Complaint. (*See* Complaint at ¶ 1.)

10.     A corporation is a citizen in a state where it is incorporated and it has its principal place of business. 28 U.S.C. § 1332(c).  With respect to ascertaining a corporation's principal place of business for purposes of diversity jurisdiction, the United States Supreme Court has adopted the "nerve center test." *The Hertz Corporation v. Friend*, 130 S.Ct. 1181 (2010).  Under the nerve center test, a corporation's principal place of business is where a corporation's high level officers direct, control and coordinate the corporation's activities.

11.     UPS, both at the time this action was commenced and the time it was removed to federal court, was not a citizen of California. (*See* the Declaration of Marlo Austin ("Austin Declaration") attached hereto as **Exhibit C**, ¶ 2.)  UPS is a corporation organized and existing under the laws of the state of Ohio.  Its principal place of business and corporate headquarters are

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
(415) 357-4600
FAX (415) 357-4605

1   located in Atlanta, Georgia where UPS conducts a predominance of its corporate and business

2   activities. (Austin Decl., ¶ 2.)  Thus, UPS is a citizen of the state of Ohio within the meaning of

3   28 U.S.C. § 1332(c)(1).   Applying the "nerve center" test, Georgia is the state where UPS'

4   primary executive, administrative, financial, and management functions are conducted, and

5   where its high level officers direct, control, and coordinate their activities, and thus, is the

6   principal place of business for the corporation. (Austin Decl., ¶ 2.)

7       12.   The presence of Doe defendants has no bearing on the diversity with respect to

8   removal.  *See* 28 U.S.C. § 1441(b) ("the citizenship of defendants sued under fictitious names

9   shall be disregarded.").

10                      **AMOUNT IN CONTROVERSY**

11      13.   This   action   also   meets   the   amount   in   controversy   requirement.

12  28 U.S.C. § 1332(a) authorizes the removal of cases in which, among the other factors noted

13  above, the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and

14  costs.  Without admitting Plaintiff could recover any damages, the amount in controversy in this

15  action could exceed $75,000, exclusive of interest and costs.

16      14.   In determining whether the amount in controversy exceeds $75,000, the court

17  must presume Plaintiff will prevail on each and every one of his claims.  *Kenneth Rothschild*

18  *Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002) *citing Burns v.*

19  *Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis

20  presumes "plaintiff prevails on liability") and *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir.

21  1993) ("the amount in controversy is not measured by the low end of an open-ended claim, but

22  rather by reasonable reading of the value of the rights being litigated").  Moreover, the argument

23  and  facts  set  forth  herein  may  appropriately  be  considered  in  determining  whether  the

24  jurisdictional amount in controversy is satisfied.  *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 843, n.1

25  (9th Cir. 2002) *citing Willingham v. Morgan*, 395 U.S. 402, 407 n.3 (1969).

26      15.   The amount in controversy may include general and special compensatory

27  damages, and attorney's fees which are recoverable by statute.  *Galt G/S v. JSS Scandinavia*, 142

28  F.3d 1150, 1155-1156 (9th Cir. 1998) and *Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th

4

Cir. 1982), *cert. denied*, 459 U.S. 945 (1982) (attorney's fees may be taken into account to determine jurisdictional amount). The court may examine the nature of the action and the relief sought, and take judicial notice of attorney's fee awards in similar cases. *See, e.g., Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002) (attorneys' fees in individual employment discrimination cases often exceed damages). Indeed, cases in the Ninth Circuit firmly establish that statutory attorney's fees will be included as a basis for determining the jurisdictional amount in controversy. *See Galt G/S, supra,* 142 F.3d at 1155-56. Furthermore, such fees are calculable beyond the time of removal. *Simmons, supra*, 209 F. Supp. 2d at 1035.

16.    Like punitive damages, civil penalties are included in calculating the amount in controversy. *Romo v. FFG Ins. Co.*, 397 F.Supp.2d 1237, 1239 (C.D. Cal. 2005). While civil penalties are not punitive damages per se, California courts have on numerous occasions analogized the two because both are intended to punish and deter defendants rather than compensate plaintiffs. *See, e.g., Suman v. Superior Court,* 39 Cal.App.4th 1309, 1317 (1995); *Kwan v. Mercedes–Benz of N. Am., Inc.,* 23 Cal.App.4th 174, 184 (1994); *Troensegaard v. Silvercrest Indus., Inc.,* 175 Cal.App.3d 218, 226–28 (1985); *see also Doran v. Embassy Suites Hotel,* 2002 WL 1968166, *3–4, 2002 U.S. Dist. LEXIS 16116, *10–11 (N.D.Cal. Aug. 22, 2002); *Gibson v. Chrysler Corp.,* 1998 WL 646659, *3, 1998 U.S. Dist. LEXIS 11343, *7–8 (N.D.Cal. July 20, 1998).

17.    The Complaint purports to assert claims for (1) failure to provide employment records, in violation of Cal. Labor Code § 226; (2) failure to provide employment records, in violation of Cal. Labor Code §1198.5; (3) failure to pay minimum wage; (4) failure to provide rest periods; (5) failure to pay wages due upon termination and waiting time penalties; (6) failure to issue accurate itemized wage statements; (7) violation of Cal. Business & Professions Cal. Code §17200 ; and (8) wrongful termination in violation of public policy.

18.    The allegations demonstrate that Plaintiff seeks damages far in excess of $75,000, the jurisdictional requirement of this Court, for the following reasons:

(a)    Plaintiff alleges record-keeping deficiencies warranting penalties, costs, and interest. (Complaint at ¶¶ 15-18, 22-25.) Additionally, Plaintiff alleges UPS failed to pay

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
(415) 357-4600
FAX (415) 357-4605

5

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
(415) 357-4600
FAX (415) 357-4605

1   wages due, failed to pay minimum wage, and failed to allow rest periods, each warranting

2   statutory penalties and/or liquidated damages. (Complaint at ¶¶ 29-31, 37-40, 45-49.)  Finally,

3   Plaintiff alleges claims for wrongful termination, and seeks lost and future wages, bonuses, and

4   benefits, as well as emotional distress damages. (Complaint at ¶¶64-68.)

5          (b)     Plaintiff's prayer seeks compensatory damages, special damages, interest

6   on unpaid wages, civil penalties, waiting time penalties, disgorgement of profits from unlawful

7   business practices, and attorneys' fees and costs.  Based on the aforementioned, Plaintiff's claims

8   are worth far more than $75,000 if he is successful.

9          19.     Taking into consideration all of the foregoing, the amount in controversy in this

10  action exceeds the $75,000 minimum as required by 28 U.S.C. § 1332(a*). See generally, White v.*

11  *FCI USA, Inc., supra,* 319 F.3d at 674-76 (holding it was facially apparent that plaintiff's

12  employment claim exceeded $75,000 based on his "lengthy list of compensatory and punitive

13  damages" including loss of pay, benefits, impaired earning capacity, and emotional distress

14  combined with a claim for attorney fees.).

15         20.     All Defendants that have been served consent to removal of this action.

16         WHEREFORE, Defendants remove the above action now pending in the Superior Court

17  of the State of California for the County of San Joaquin to this Court.

18

19  DATED:  May 30, 2018                         LAFAYETTE & KUMAGAI LLP

20

21                                              /s/ Susan T. Kumagai
                                                SUSAN T. KUMAGAI
22                                              Attorneys for Defendants
                                                UNITED PARCEL SERVICE, INC.
23                                              and UNITED PARCEL SERVICE CO.

24

25

26

27

28

6

## PROOF OF SERVICE

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Alameda, State of California. My business address is 1300 Clay Street, Suite 810, Oakland, California 94612.

On May 30, 2018, I served true copies of the following document(s) described as follows:

**DEFENDANTS UNITED PARCEL SERVICE, INC.'S NOTICE OF REMOVAL OF ACTION**

| | |
|---|---|
| X | **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses noted below and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Lafayette & Kumagai LLP's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. |
| | **BY OVERNIGHT DELIVERY:** I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses noted below. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier. |
| | **BY FAX TRANSMISSION:** I faxed a copy of the document(s) to the persons at the fax numbers noted below. The telephone number of the sending facsimile machine was (415) 357-4605. No error was reported by the fax machine that I used. |
| | **BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address gbeasley@lkclaw.com to the persons at the e-mail addresses noted below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. |
| | **BY PERSONAL SERVICE:** I caused to be personally served a copy of the document(s) listed above on the parties at the addresses noted below. |

W. Zev Abramson, Esq.
Nissim Levin, Esq.
Christina Begakis, Esq.
***Abramson Labor Group***
3580 Wilshire Boulevard, Suite 1260
Los Angeles, CA 90010

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 30, 2018at Oakland, California.

_Denise Taylor_
Denise Taylor

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
(415) 357-4600
FAX (415) 357-4605

7

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)

**EXHIBIT A**

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):* See Attached
~~UNITED PARCEL SERVICE CO., a corporation; UNIFIED PARCEL~~
~~SERVICE OF AMERICA, INC., "Addtional Parties Form Attached"~~

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
RORDARA CHHORN, an individual,

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED
SUPERIOR (FOR COURT USE ONLY)
2018 APR 19 AM 11:42
ROSA JUNQUEIRO, CLERK
BY Dona Edwards
DEPUTY

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* Superior Court of California 180 E Weber Ave, Ste 200 Stockton, CA 95202 | CASE NUMBER: *(Número del Caso):* STK-CV-UOE-2018- 4544 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Christina Begakis, Esq. 3580 Wilshire Blvd, Suite 1260 Los Angeles, CA 90010 213-493-6300

| DATE *(Fecha)* APR 19 2018 | ROSA JUNQUEIRO, Clerk, by *(Secretario)* | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED: You are served**
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. July 1, 2009)

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Chhorn v. United Parcel Service Co. | |

### INSTRUCTIONS FOR USE

➔ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➔ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

UNITED PARCEL SERVICE CO., a corporation; UNITED PARCEL SERVICE OF AMERICA, INC., business entity form unknown; UNITED PARCEL SERVICE, INC., a corporation; and DOES 1-100,

Page __2__ of __2__

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

1  | W. Zev Abramson, Esq. #289387
2  | Nissim Levin, Esq. #306376
   | Christina Begakis, Esq. #316779
3  | **ABRAMSON LABOR GROUP**
   | 3580 Wilshire Blvd, Suite 1260
4  | Los Angeles, California 90010
   | Tel:    (213) 493-6300
5  | Fax:   (213) 382-4083

6  | Attorneys for Plaintiff,
7  | RORDARA CHHORN

·FILED·
SUPERIOR COURT - STOCKTON

2018 APR 19  AM 11: 42

ROSA JUNQUEIRO, CLERK

BY Donna Edwards
   DEPUTY

8  |              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
9  |                **IN AND FOR THE COUNTY OF SAN JOAQUIN**

$435
20 \page

10
11 | RORDARA CHHORN, an individual,      | Case No.:   STK-CV-UOE-2018-4544
12 |              Plaintiff,              | **COMPLAINT FOR DAMAGES AND**
13 |                                      | **DEMAND FOR JURY TRIAL:**
14 | vs.
15 | UNITED PARCEL SERVICE CO., a         | 1.  Failure to Provide Employment Records
   | corporation; UNITED PARCEL SERVICE OF|     in Violation of Cal. Lab. Code § 226
16 | AMERICA, INC., business entity form  | 2.  Failure to Provide Employment Records
   | unknown; UNITED PARCEL SERVICE,      |     in Violation of Cal. Lab. Code § 1198.5
17 | INC., a corporation; and DOES 1-100, | 3.  Failure to Pay Minimum Wage
   |                                      | 4.  Failure to Provide Rest Periods
18 |              Defendants              | 5.  Failure to Pay Wages Due Upon
19 |                                      |     Termination; Waiting Time Penalties
   |                                      | 6.  Failure to Issue Accurate Itemized
20 |                                      |     Wage Statements
   |                                      | 7.  Violation of California Business &
21 |                                      |     Professions Code §17200
   |                                      | 8.  Wrongful Termination in Violation of
22 |                                      |     Public Policy
23 |
   |                                      |     Over $25,000

24 | PLAINTIFF complains and alleges as follows:

25 |         1.       On information and belief, Plaintiff, RORDARA CHHORN is a resident of the

26 | State of California.

27 |         2.       At all times herein mentioned, Defendants, UNITED PARCEL SERVICE CO.,

28 | UNITED PARCEL SERVICE OF AMERICA, INC., and UNITED PARCEL SERVICE, INC.,

1  (hereinafter "UPS") were doing business in California at 11800 Harlan Road, Lathrop, CA

2  95330, and was the employer of plaintiff from on or about November 20, 2017 through on or

3  about December 14, 2017.

4       3.     Plaintiff is ignorant of the true names and capacities, whether individual,

5  corporate, or associate, of those Defendant fictitiously sued as DOES 1 through 100 inclusive

6  and so Plaintiff sues them by these fictitious names.  Upon discovering the true names and

7  capacities of these fictitiously named Defendant, Plaintiff will amend this complaint to show the

8  true names and capacities of these fictitiously named Defendant.

9       4.     Unless otherwise alleged in this complaint, Plaintiff is informed and believes,

10  and on the basis of that information and belief alleges that at all times herein mentioned, each of

11  the remaining co-Defendant, in doing the things hereinafter alleged, was acting within the

12  course, scope and under the authority of his/her/its agency, employment, or representative

13  capacity, with the consent of her/his/its co-Defendant.

14       5.     Plaintiff began working for Defendant on or about November 20, 2017.

15       6.     Defendant failed to provide Plaintiff access to the timekeeping system, and

16  simply required Plaintiff to sign in and sign out on paper.

17       7.     Defendant informed Plaintiff that his sign in sheet was "lost" and failed to pay

18  Plaintiff for his hours worked.

19       8.     Further, Defendant was required under California law to authorize and permit

20  Plaintiff to take daily rest periods. Throughout Plaintiff's employment with Defendant,

21  Defendant failed to authorize and permit Plaintiff rest periods as required by law, and in fact,

22  Defendant encouraged Plaintiff not to take Plaintiff's daily rest periods.

23       9.     Throughout his employment, Plaintiff was not able to take an uninterrupted rest

24  breaks due to Defendant's scheduling practices.

25       10.    On or about December 14, 2017, Plaintiff was forced to quit his position with

26  UPS because UPS continued to fail to pay Plaintiff for all hours worked despite Plaintiff's

27  complaints of unpaid wages.

28

11.     Defendant failed to provide Plaintiff, with accurate and timely pay stubs (accurate, semi-monthly, itemized statements of the total number of hours he worked and/or wages earned) as required by Labor Code § 226.

12.     Defendant has willfully failed to pay Plaintiff, whose employment was terminated on or about July 21, 2017, a final payment of his wages in a prompt and timely manner in conformity with Labor Codes §§ 201 – 203.

13.     As a direct and proximate result of the unlawful acts of Defendant, Plaintiff has suffered and continues to suffer from losses of earnings and otherwise in amounts as yet unascertained but subject to proof at trial.

<u>First Cause of Action</u>

**FAILURE TO PROVIDE EMPLOYMENT RECORDS**

[Cal. Lab. Code § 226]

14.     Plaintiff re-alleges the information set forth in Paragraphs 1-13 as though fully set forth at length.

15.     California Labor Code Section 226(c) requires an employer who receives a written or oral request to inspect or copy payroll records to comply with the request no later than 21 calendar days from the request date, failure to comply of which entitles the employee to recover a $ 750 penalty from the employer, pursuant to California Labor Code Section 226(f).

16.     On or about December 15, 2017, Plaintiff, through his attorney of record, submitted a written demand for his employment records pursuant to California Labor Code Sections 226. More specifically, Plaintiff requested all employment documents, all payroll records and the entire contents of his personnel file. The payroll records were not received within 21 days of the date they were requested.

17.     Plaintiff, through his attorney of record, requested his payroll records for a second time on January 22, 2018.

18.     To date, the payroll records have not been produced.

19.      As a result of these violations of law Plaintiff seeks all interest, fees, attorneys' fees, and civil penalties to which he is entitled at law, including but not limited to California Labor Code Sections 218.5, 218.6 and 226(f) and 1198.5(f).

Second Cause of Action

**FAILURE TO PROVIDE EMPLOYMENT RECORDS**

[Cal. Lab. Code § 1198.5]

20.      Plaintiff re-alleges the information set forth in Paragraphs 1-19 as though fully set forth at length.

21.      California Labor Code Section 1198.5, subdivision (a), provides: "Every employee has the right to inspect the personnel records that the employer maintains relating to the employee's performance or to any grievance concerning the employee." Subsection (b) requires employers to make the personnel file available to an employee for inspection within 30 days of the employee's request. The failure to provide the personnel records within 30 days subjects the employer to a $ 750 penalty per California Labor Code Section 1198.5(k).

22.      On or about December 15, 2017, Plaintiff, through his attorney of record, submitted a written demand for his employment records pursuant to California Labor Code Sections 226. More specifically, Plaintiff requested all employment documents, all payroll records and the entire contents of his personnel file. The personnel file was not received within 30 days of the date requested, as required by California law.

23.      Plaintiff, through his attorney of record, requested his personnel file for a second time on January 22, 2018.

24.      To date, the personnel file has not been produced.

25.      As a result of these violations of law Plaintiff seeks all interest, fees, attorneys' fees, and civil penalties to which she is entitled at law, including but not limited to California Labor Code Sections 218.5, 218.6 and 226(f) and 1198.5(f).

/ / /

/ / /

/ / /

Complaint and Demand for Jury Trial

4

<u>Third Cause of Action</u>

**FAILURE TO PAY MINIMUM WAGE**

26.     Plaintiff re-alleges the information set forth in Paragraphs 1-25 as though fully set forth at length.

27.     Section 1194 of the Labor Code provides, in relevant part: "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage ... applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage ... including interest thereon, reasonable attorney's fees, and costs of suit."

28.     Section 1194.2 of the Labor Code provides, in relevant part: "In any action under ... Section 1194 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon."

29.     During the course of Plaintiff's employment Defendants failed to pay Plaintiff minimum wage for some of the hours that Plaintiff worked for Defendants.

30.     Furthermore, pursuant to §§1194.2 and 218 of the California Labor Code, Plaintiff is entitled to recover liquidated damages in an additional amount equal to the amount Plaintiff is entitled to under §1194.

31.     Pursuant to §1194 of the California Labor Code, Plaintiff is also entitled to recover interest, costs, and attorneys' fees associated with this cause of action.

32.     Defendants further willfully refused and continue to refuse to pay Plaintiff all wages owed to Plaintiff in a timely manner, as required by the aforementioned statutes. Plaintiff therefore requests restitution and penalties as provided by California Labor Code §203.

<u>Fourth Cause of Action</u>

**FAILURE TO PROVIDE REST PERIODS**

33.     Plaintiff re-alleges the information set forth in Paragraphs 1-32 as though fully set forth at length.

34.     Under Section 12 of Industrial Welfare Commission, California Code of Regulations, Title 8, Section 11040, Defendant was required to provide Plaintiff a 10-minute minimum rest period per four hours worked, or major fraction thereof, to be taken, as far as practicable, in the middle of the work period.

35.     Labor Code section 226.7, subdivision (a), provides: "No employer shall require any employee to work during any meal or rest periods mandated by applicable order of the Industrial Welfare Commission."

36.     Pursuant to Labor Code section 515.5, Plaintiff was a non-exempt employee entitled to the protections of the Industrial Welfare Commission Orders mentioned herein, California Code of Regulations, Title 8, Section 11040.

37.     During the course of Plaintiff' employment, Defendant failed to provide Plaintiff with all mandated rest periods and required Plaintiff to work during mandated rest periods, in violation of the Industrial Welfare Commission Orders, Labor Code Section 226.7, subdivision (a), and Labor Code section 512.

38.     Pursuant to Section 12 (B) of Industrial Welfare Commission, California Code of Regulations, Title 8, Section 11040, Defendant was required to pay Plaintiff one additional hour of pay at his or her regular rate of compensation for each work day that the rest period was not provided to him or her, in addition to paying him or her compensation for the time worked including the missed rest period.

39.     Under Labor Code section 226.7, subdivision (b), Defendant was required to pay Plaintiff one additional hour of pay at Plaintiff regular rate of compensation for each work day that the rest period was not provided. Plaintiff therefore requests restitution and that they be compensated under section 226.7.

40.     Defendant willfully refused and continues to refuse to compensate Plaintiff for missed rest periods as required by the aforementioned statutes and regulations.  Plaintiff therefore requests restitution and penalties as provided by Labor Code section 203.

41.     Under Labor Code section 558, an employer who violates a section of Chapter 1 of Part 2 of Division 2 of the Labor Code, which includes Section 512, or any provision of the

1  Industrial Welfare Commission regulating hours of work, is subject to a civil penalty as follows:

2  (1) For any initial violation, fifty dollars ($50.00) for each underpaid employee for each pay

3  period for which the employee was underpaid, in addition to an amount sufficient to recover

4  underpaid wages; and (2) For each subsequent violation, one hundred dollars ($100.00) for each

5  underpaid employee for each pay period for which the employee was underpaid, in addition to an

6  amount sufficient to recover underpaid wages.

7       42.       Under Labor Code section 218.5, Plaintiff is entitled to an award of reasonable

8  attorney fees and costs in this action for the nonpayment of wages.  Labor Code section 200

9  defines "wages" as including "all amounts for labor performed by employees," which includes

10  the amounts owed by Defendant to Plaintiff described in this cause of action.

11                              Fifth Cause of Action

12             **FAILURE TO PAY WAGES DUE UPON TERMINATION; WAITING TIME**

13                                **PENALTIES**

14       43.       Plaintiff re-alleges the allegations set forth in Paragraphs 1-42 as though fully

15  set forth and alleged herein.

16       44.       California Labor Code §§ 201 and 202 require Defendant to pay all

17  compensation due and owing to former employees at or around the time their employment is

18  terminated.

19       45.       California Labor Code § 203 provides that if an employer willfully fails to pay

20  compensation promptly upon discharge or resignation, as required by §§ 201 and 202, then the

21  employer is liable for penalties in the form of continued compensation up to thirty (30) work

22  days.

23       46.       Defendant willfully failed to pay Plaintiff all wages and failed to pay rest period

24  premiums (as detailed above), and failed to pay all wages to Plaintiff, (who is no longer

25  employed by Defendant), for all wages due to her at the time of their separation as required by

26  California Labor Code §§ 201 and 202.

27

28

47.     California Labor Code § 203 provides that an employee's wages not paid upon termination shall continue as a penalty until paid or for a period of up to thirty (30) days from the time they were due.

48.     Defendant's failure to pay all wages owed was willful and intentional and Plaintiff is thus entitled to penalties under Labor Code § 203.

49.     Pursuant to Labor Code § 203, Plaintiff is entitled to thirty (30) days worth of wages as a penalty, plus attorneys' fees, calculated against Defendant by multiplying their daily rate of pay by thirty (30) days.

<u>Sixth Cause of Action</u>

**FAILURE TO ISSUE ACCURATE ITEMIZED WAGE STATEMENTS**

50.     Plaintiff re-alleges the information set forth in Paragraphs 1-49 above and by this reference incorporates said paragraphs herein as though fully set forth at length.

51.     California Labor Code § 226(a) requires that employers, when paying their non-exempt employee's wages, include an "itemized statement in writing showing" the "total hours worked by the employee," and "all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate."

52.     Defendant implemented an employment practice whereby it failed to provide Plaintiff with accurate wage statement and records, including but not limited to pay stubs recording all hours worked, paychecks representing all wages earned, wage statements or itemized stubs showing hourly wage, (or piece meal rate), tips, overtime, bonus, vacation, as well as any employment deductions for all hours worked.  Defendant's failure to provide or maintain accurate record of overtime hours worked and minimum wages earned specifically injured Plaintiff by depriving Plaintiff of all wages and earnings earned.

53.     Defendant has willfully and intentionally violated California Labor Code § 226(a) by failing to show the total hours worked, failing to show the applicable overtime rates paid or owed, failing to record overtime hours worked, and failing to pay overtime rates and intentionally not paying or under paying wages.

54.    As a result of Defendant's violation of Labor Code § 226, Plaintiff is entitled to $50.00 for each pay period in which there is an initial violation of Section 226 and $100.00 for each subsequent pay period in which there is a further violation.

55.    Plaintiff seeks injunctive relief under Labor Code § 226 in the form of an order from the Court, ordering Defendant to properly state the wages earned, the proper hours worked and the proper overtime wages paid – and to furnish accurate wage statements to each Plaintiff herein as well as other similarly situated employees of Defendant.

56.    Plaintiff alleges she is due a maximum of $4,000.00 as non-taxed penalties and restitution, plus cost and attorneys' fees, for pay periods in which Defendant has failed to comply with Labor Code § 226 and for up to one year from the date of filing this action.

<u>Seventh Cause of Action</u>

**VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE §17200**

57.    Plaintiff re-alleges the information set forth in Paragraphs 1-56 above and by this reference incorporates said paragraphs herein as though fully set forth at length.

58.    By violating the aforementioned statutes and regulations, the acts of Defendant constitute unfair and unlawful business practices under California Business & Professions Code §17200, et seq.

59.    Defendant's violations of California wage and hour laws constitute a business practice because they were committed repeatedly over a significant period of time and in a systematic manner to the detriment of Plaintiff.

60.    Defendant's violations of California's laws regarding maintaining records constitute a business practice because they were committed repeatedly over a significant period of time and in a systematic manner to the detriment of Plaintiff.

61.    For the length of Plaintiff's employment and up to five years preceding the filing of this action, Plaintiff has suffered damages and request damages and/or restitution of all monies and profits to be disgorged from Defendant in an amount according to proof at time of trial, but in excess of the jurisdiction of this court.

/ / /

Eighth Cause of Action

**WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

62.     Plaintiff re-alleges the information set forth in Paragraphs 1-61 above and by this reference incorporates said paragraphs herein as though fully set forth at length.

63.     Plaintiff's employment was wrongfully terminated, in violation of substantial and fundamental public policies of the State of California that inures to the benefit of the public, with respect to retaliation, tortious discharge, and adverse employment actions taken against Plaintiff, all in violation of various state statutes including but not limited to violations of California's Labor Code and Business and Professions Code.

64.     On or about December 14, 2017, Plaintiff was constructively discharged from his employment, in that any reasonable person in Plaintiff's position subject to Defendants' actions would have resigned or quit his employment, as Plaintiff was compelled to do.

65.     Defendant's acts by, among other things, failing to pay Plaintiff all wages owed were willful, intentional, malicious, and showed a reckless disregard for the rights of Plaintiff.

66.     Defendants had actual knowledge of the intolerable conditions caused by the acts described herein, and failed to take any steps to end those conditions for the purpose of causing Plaintiff's resignation. Furthermore, Defendants knew or should have known that Plaintiff would resign as a result of Defendants' actions.

67.     As a direct and proximate result of Defendant's willful, knowing, and intentional actions as discussed herein, Plaintiff has sustained and continues to sustain substantial losses in earnings and other employment benefits.

68.     As a direct, foreseeable, and proximate result of the conduct of Defendants, Plaintiff has suffered, and continues to suffer emotional distress, losses in salary, bonuses, job benefits, and other employment benefits which he would have received from Defendants, plus expenses incurred in obtaining substitute employment and not being regularly employed all to his damage in a sum within the jurisdiction of this court, to be ascertained according to proof.

69.     The damages herein exceed $25,000.00.

70.     Plaintiff requests a jury trial.

Complaint and Demand for Jury Trial

10

<u>WHEREFORE, Plaintiff prays for the following relief:</u>

1. For compensatory damages which resulted from Defendant's conduct as alleged herein;

2. For all special damages which resulted from Defendant's conduct as alleged herein;

3. For all general damages which resulted from Defendant's conduct as alleged herein;

4. For all unpaid wages due to Plaintiff;

5. For restitution of all monies due to Plaintiff and disgorgement of profits from the unlawful business practices of Defendant;

6. For waiting time penalties pursuant to Labor Code §203;

7. For all penalties under all relevant statutes;

8. For all interest as allowed by law;

9. For all costs and disbursements incurred in this suit;

10. For attorney's fees and costs; and

11. For such other and further relief as the Court deems just and proper.

DATED: March 27, 2018                          ABRAMSON LABOR GROUP


By:_____
        Nissim Levin, Esq.
        Christina Begakis, Esq.
        Attorney for Plaintiff
        Rordara Chhorn

**EXHIBIT B**

1    LAFAYETTE & KUMAGAI LLP
     GARY T. LAFAYETTE (State Bar No. 088666)
2    glafayette@lkclaw.com
     SUSAN T. KUMAGAI (State Bar No. 127667)
3    skumagai@lkclaw.com
     AFRICA E. DAVIDSON (State Bar No. 225680)
4    adavidson@lkclaw.com
     1300 Clay Street, Suite 810
5    Oakland, California 94612
     Telephone:    (415) 357-4600
6    Facsimile:    (415) 357-4605

7    Attorneys for Defendant
     UNITED PARCEL SERVICE, INC.

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                  FOR THE COUNTY OF SAN JOAQUIN

11

12   RORDARA CHHORN,                      Case No. STR-CV-UOE-2018-4544

13            Plaintiff,                  **DEFENDANT UNITED PARCEL
                                          SERVICE, INC.'S ANSWER TO
14   vs.                                  PLAINTIFF'S COMPLAINT**

15   UNITED PARCEL SERVICE CO., a         Complaint filed: April 19, 2018
     corporation; UNITED PARCEL SERVICE
16   OF AMERICA, INC., business entity form
     unknown; UNITED PARCEL SERVICE,
17   INC, a corporation; and DOES 1 through
     100,
18
              Defendants
19

20

21        Defendant United Parcel Service, Inc. ("Defendant") answers the Complaint ("Complaint")

22   filed by Plaintiff Rordara Chhorn ("Plaintiff") as follows:

23        Pursuant to California Code of Civil Procedure section 431.30(d), Defendant generally

24   denies each and every, all and singular, of the allegations in the Complaint, and generally denies

25   Plaintiff has been injured in any of the sums mentioned in said Complaint, or any sum at all, as the

26   result of any action, omission to act or delay in acting of this answering Defendant.

27   ///

28   ///

                                                                                          1

DEFENDANT UNITED PARCEL SERVICE, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT
(Case No. STR-CV-UOE-2018-4544)

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
(415) 357-4600
FAX (415) 357-4605

**FIRST AFFIRMATIVE DEFENSE**

1.      As a first, separate affirmative defense, Defendant asserts that Plaintiff fails to allege facts sufficient to constitute a cause of action against Defendants.

**SECOND AFFIRMATIVE DEFENSE**

2.      As a second, separate affirmative defense, Defendant asserts that Plaintiff's Complaint is barred by statutes of limitation including, but not limited to, California Code of Civil Procedure §§ 338, 339 and/or 340, 29 U.S.C. §255, and Cal. Labor Code §§ 201, et seq.

**THIRD AFFIRMATIVE DEFENSE**

3.      As a third, separate affirmative defense, Defendant asserts that the alleged damages sustained by Plaintiff was caused by persons, firms, corporations, entities or organizations other than Defendant and, by reason thereof, Defendant is not liable to Plaintiff for any alleged injuries, losses or damages.

**FOURTH AFFIRMATIVE DEFENSE**

4.      As a fourth, separate affirmative defense, Defendant asserts that Plaintiff failed to mitigate his damages, if any, and said failure to mitigate bars Plaintiff from recovery in this action.

**FIFTH AFFIRMATIVE DEFENSE**

5.      As a fifth, separate affirmative defense, Defendant asserts that actions relating to Plaintiff were taken for good cause and legitimate non-discriminatory reasons.

**SIXTH AFFIRMATIVE DEFENSE**

6.      As a sixth, separate affirmative defense, Defendant asserts that Defendant's conduct alleged in the complaint, if and to the extent it occurred, was privileged and justified and done with a good faith belief it was correct and no action may be taken against Defendant on account of such conduct.

**SEVENTH AFFIRMATIVE DEFENSE**

7.      As a seventh, separate affirmative defense, Defendant asserts that Plaintiff's Complaint, and/or each claim for relief contained therein, is barred in whole or in part by the doctrine of unclean hands.

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
(415) 357-4600
FAX (415) 357-4605

2

1

## EIGHTH AFFIRMATIVE DEFENSE

2        8.      As an eighth, separate affirmative defense, Defendant asserts that Plaintiff's

3    Complaint, and/or each claim for relief contained therein, is barred by the doctrines of waiver,

4    estoppel, and/or laches.

5

## NINTH AFFIRMATIVE DEFENSE

6        9.      As a ninth, separate affirmative defense, Defendant asserts that any emotional

7    distress or mental anguish allegedly suffered is barred by the exclusive remedy provided by

8    Labor Code § 3600 *et seq.* and cannot be compensated for in this present action.

9

## TENTH AFFIRMATIVE DEFENSE

10        10.     As a tenth, separate and affirmative defense, Defendant asserts that the Complaint

11    and each purported cause of action therein is preempted by § 301 of the Labor Management

12    Relations Act, 29 U.S.C. § 185(a).

13

## ELEVENTH AFFIRMATIVE DEFENSE

14        11.     As an eleventh, separate and affirmative defense, Defendant asserts that it is

15    entitled to recover reasonable expenses, including attorneys' fees, from Plaintiff and that

16    Plaintiff's Complaint is frivolous and was brought and maintained in bad faith and without

17    reasonable cause, is totally and completely without merit, and was brought for the sole purpose of

18    harassing Defendants.

19

## TWELFTH AFFIRMATIVE DEFENSE

20        12.     As a twelfth, separate affirmative defense, Defendant asserts they presently have

21    insufficient knowledge or information upon which to form a belief whether there may be

22    additional, as yet unstated, defenses and reserves the right to assert additional defenses in the

23    event that discovery indicates that such defenses are appropriate.

24        WHEREFORE, Defendant prays:

25        1.      The Plaintiff take nothing by the Complaint;

26        2.      That the Complaint be dismissed with prejudice;

27    ///

28    ///

3

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
(415) 357-4600
FAX (415) 357-4605

DEFENDANT UNITED PARCEL SERVICE, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT
(Case No. STR-CV-UOE-2018-4544)

1       3.    That Defendant recover its costs of suit herein, including its reasonable attorneys'

2   fees; and

3       4.    That the Court grant such other further relief as it may deem appropriate.

4

5   DATED: May 29, 2018                LAFAYETTE & KUMAGAI LLP

6

7                           /s/ Susan T. Kumagai
                        SUSAN T. KUMAGAI

8                           Attorneys for Defendant
                        UNITED PARCEL SERVICE, INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
(415) 357-4600
FAX (415) 357-4605

4

DEFENDANT UNITED PARCEL SERVICE, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT
(Case No. STR-CV-UOE-2018-4544)

1

## PROOF OF SERVICE

2

At the time of service, I was over 18 years of age and not a party to this action. I am

3

employed in the County of Alameda, State of California. My business address is 1300 Clay Street, Suite 810, Oakland, California 94612.

4

On May 29, 2018, I served true copies of the following document(s) described as follows:

5

**DEFENDANT UNITED PARCEL SERVICE, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

6

| X | **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses noted below and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Lafayette & Kumagai LLP's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. |
|---|---|
| | **BY OVERNIGHT DELIVERY:** I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses noted below. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier. |
| | **BY FAX TRANSMISSION:** I faxed a copy of the document(s) to the persons at the fax numbers noted below. The telephone number of the sending facsimile machine was (415) 357-4605. No error was reported by the fax machine that I used. |
| | **BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address gbeasley@lkclaw.com to the persons at the e-mail addresses noted below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. |
| | **BY PERSONAL SERVICE:** I caused to be personally served a copy of the document(s) listed above on the parties at the addresses noted below. |

7

8

9

10

11

12

13

14

15

16

17

18

W. Zev Abramson, Esq.

Nissim Levin, Esq.

19

Christina Begakis, Esq.

*Abramson Labor Group*

20

3580 Wilshire Boulevard, Suite 1260

Los Angeles, CA 90010

21

22

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

23

Executed on May 29, 2018 at Oakland, California.

24

*Denise Taylor*
Denise Taylor

25

26

27

28

5

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
(415) 357-4600
FAX (415) 357-4605

**EXHIBIT C**

LAFAYETTE & KUMAGAI LLP
GARY T. LAFAYETTE (State Bar No. 088666)
glafayette@lkclaw.com
SUSAN T. KUMAGAI (State Bar No. 127667)
skumagai@lkclaw.com
1300 Clay Street, Suite 810
Oakland, California  94612
Telephone:     (415) 357-4600
Facsimile:      (415) 357-4605

Attorneys for Defendant
UNITED PARCEL SERVICE, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RORDARA CHHORN, | Case No. |
| Plaintiff, | |
| vs. | **DECLARATION OF MARLO AUSTIN IN SUPPORT OF NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)** |
| UNITED PARCEL SERVICE CO., a corporation; UNITED PARCEL SERVICE OF AMERICA, INC., business entity form unknown; UNITED PARCEL SERVICE, INC, a corporation; and DOES 1 through 100, | |
| Defendants | |

I, Marlo Austin, declare as follows:

1.      I am the District H.R. Operations Manager, North California, for United Parcel Services, Inc., Northern California District.  I make this declaration in support of the Notice of Removal of Action to federal court filed by United Parcel Service, Inc.  I have personal knowledge of the facts set forth below and if called to do so, could and would testify competently thereto.

2.      United Parcel Service, Inc. is a corporation organized and existing under the laws of the state of Ohio.  United Parcel Service, Inc.'s principal place of business and corporate

1

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
FAX (415) 357-4605
(415) 357-4600

1  headquarters are located in the state of Georgia, where the company's high level officers, direct,

2  control, and coordinate the company's corporate and business activities.

3          3.      My duties at UPS include the following: researching and responding to executive-

4  level inquiries and inquiries of a legal nature related to UPS; gathering, confirming and reviewing

5  documents; and assisting in the resolution of employee issues.  In my position, I have access to the

6  personnel files of UPS employees including that of Rordara Chhorn ("Chhorn").  I have reviewed

7  Chhorn's personnel and payroll files.

8          4.      In 2017, Rordara Chhorn was employed by UPS as a loader.  Ms. Chhorn's hourly

9  rate of pay was $11.00.

10         I declare under penalty of perjury under the laws of the United States of America and the

11  State of California that the foregoing is true and correct.

12         Executed this _25_ day of May 2017, at Oakland, California.

13

14  _____

    MARLO AUSTIN

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
(415) 357-4600
FAX (415) 357-4605

2

DECLARATION OF MARLO AUSTIN IN SUPPORT OF NOTICE OF REMOVAL OF ACTION
UNDER 28 U.S.C. § 1441(b) (DIVERSITY)