W. Zev Abramson, Esq. #289387
   wza@abramsonlabor.com
Nissim M. Levin, Esq. #306376
   Nissim@abramsonlabor.com
Christina Begakis, Esq. #316779
   Christina@abramsonlabor.com
**ABRAMSON LABOR GROUP**
3580 Wilshire Blvd., Suite 1260
Los Angeles, California 90010
(213) 493-6300 - Telephone
(213) 382-4083 - Facsimile

Attorneys for Plaintiff,
RORDARA CHHORN

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RORDARA CHHORN,<br>        Plaintiff,<br>vs.<br><br>UNITED PARCEL SERVICE CO., a corporation; UNITED PARCEL SERVICE OF AMERICA, INC., business entity for unknown; UNITED PARCEL SERVICE, INC., a corporation; and DOES 1-100,<br><br>        Defendants. | **CASE NO.** 2:18-cv-01574-TLN-GGH<br><br>**MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO REMAND THIS ACTION TO STATE COURT PURSUANT TO 28 USC §1447(c)**<br><br>[*Filed concurrently with Notice of Motion; Declaration of Christina Begakis; [Proposed] Order;*]<br><br>Hon. Troy L. Nunley<br><br>Date  :  August 9, 2018<br>Time  :  2:00 p.m.<br>Courtroom: 2<br><br>Complaint Filed:  April 19, 2018<br>Trial Date:  None set |

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**INTRODUCTION**

To much surprise, on May 30, 2018, Defendant United Parcel Service, Inc. (hereinafter "UPS" or "Defendant) removed this action to federal court from the jurisdiction of the San Joaquin Superior Court based on the contention that diversity exists and the amount in controversy exceeds $75,000.

In its Notice of Removal, defendant alleges complete diversity of citizenship and more than $75,000 in controversy. Defendant has failed to provide any evidence that Plaintiff's damages are in excess of the jurisdictional minimum, instead merely pointing to the allegations of plaintiff's complaint, which are silent on the amount of damages. Nor is it possible, given the nature of the wage and hour claims and the short length of time Plaintiff was been employed by defendant, that defendant could cure these fatal defects of jurisdiction. For these reasons, remand is clearly warranted. Because this case fails to satisfy this Court's jurisdictional prerequisites, Plaintiff seeks an order remanding this case to State Court, and awarding Plaintiff attorneys' fees and costs in the amount of $4,750.

**II.**

**STATEMENT OF FACTS AND PROCEDURAL HISTORY**

This employment law action arises out of wage and hour violations by Plaintiff Rordara Chhorn's (hereinafter "Chhorn") former employer, UPS. The relevant facts are set forth in Chhorn's Complaint, filed on April 19, 2018 in the San Joaquin County Superior Court, Case No. STR-CV-UOE-2018-4544. Plaintiff was employed by Defendant UPS between November 20, 2017 and December 14, 2017. During his roughly three weeks of employment, Defendants failed to pay Plaintiff minimum wage for all hours worked, failed to provide meal and rest periods, failed to issue accurate wage statements, and failed to pay Plaintiff wages due upon termination. Plaintiff was effectively forced to quit his position due to Defendants'

violations of the California Labor Code. Defendants' Notice of Removal ("NOR") attempts, but clearly fails, to state a plausible reason why these causes of action stemming from roughly three weeks of employment should be removed from state court.

## III.

## THIS COURT LACKS JURISDICTION BECAUSE THE AMOUNT IN CONTROVERSY DOES NOT EXCEED $75,000, AND MUST THEREFORE REMAND THE ACTION TO STATE COURT

A. <u>The Removal Statute is Strictly Construed and Remand is Required Unless the Removing Party Proves All Jurisdictional Elements</u>

28 U.S.C. section 1447(c) provides that where the federal court lacks subject mater jurisdiction over a removed case the case shall be remanded. *See*, 28 U.S.C. § 1447(c). The removal statute is strictly construed, and the court must reject federal jurisdiction if there is any doubt as to whether the removal is proper. *See, Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *St. Paul Mercury Indem. Co v. Red Cab Co.*, 303 U.S. 283, 288-90 (1938)). This "strong presumption" against removal jurisdiction means that the defendant bears the burden of proving the propriety of removal. *Id.*

Where, as here, the complaint is silent on the elements of federal jurisdiction, the party removing bears the burden of establishing the necessary elements of jurisdiction by a preponderance of evidence. *See, Matheson v. Progressive Specialty Ins. Co.,* 319 F.3d 1089, 1090 (9th Cir. 2003). To meet this burden the removing party must supply "summary-judgment-type evidence. ... Conclusory allegations ... are insufficient" to establish the elements of removal jurisdiction. *Id.* at 1090-1091.

Thus, here, defendant bears the burden of establishing with "summary judgment-type evidence" that the Court has jurisdiction over the complaint, including the $75,000 amount-in-controversy requirement. *See, Singer v. State Farm Mut. Auto. Ins. Co.,* 116 F.3d 373, 376 (9th Cir. 1997). Defendant here has not

MEMORANDUM OF POINTS & AUTHORITIES

3

provided any evidence of the amount of plaintiff's claims, instead merely pointing to the allegations of the complaint which are silent on the amount of damages, and therefore defendant has failed to meet its burden.

> B. <u>Defendant Has Failed to Meet Its Burden to Show that the Amount in Controversy as to Plaintiff Chhorn Exceeds the Required $75,000</u>

Here, defendant bases its claim to federal subject matter jurisdiction on diversity of citizenship under 28 U.S.C. section 1332(a) which requires that all parties be citizens of different states, and that the amount in controversy exceed $75,000. *See*, 28 U.S.C. § 1332(a).

Defendant provides no evidence that the amount in controversy exceeds $75,000. In its Notice of Removal, defendant makes limited allegations directed at the amount-in-controversy requirement:

1. "The allegations demonstrate that Plaintiff seeks damages far in excess of $75,000…" Notice ¶ 18
2. "Plaintiff alleges record keeping deficiencies warranting penalties, costs, and interest. (Complaint at ¶¶15-18, 22-25). Additionally, Plaintiff alleges UPS failed to pay wages due, failed to pay minimum wage, and failed to allow rest periods, each warranting statutory penalties and/or liquidated damages. (Complaint at ¶¶29-31, 37-40, 45-49)." Notice ¶18(a).

At the threshold, these statements are not "summary judgment-type evidence," as is required to prove the elements of diversity jurisdiction; rather, these statements are "conclusory allegations" that cannot meet defendant's burden. *See, Matheson*, 319 F.3d at 1090-1091. Further, these statements merely refer back to Plaintiff's Complaint, and, since Plaintiff's complaint does not state an amount in controversy, its allegations do not establish the amount in controversy element of jurisdiction. *See, Id.* In addition to these systemic problems with defendant's statements, each statement also has fatal substantive and legal faults, as addressed below.

MEMORANDUM OF POINTS & AUTHORITIES

4

### C. Defendant Provides No Evidence That the Plaintiff's Claims Exceed $75,000 and Plaintiff's Estimate of His Damages is Below $75,000.

As noted, defendant has produced no evidence at all related to the damages suffered by Plaintiff. Accordingly, defendant has failed to meet its burden of establishing jurisdiction and the case should be remanded to state court. Further, it is evident from the circumstances that defendant cannot cure these jurisdictional defects.

As plaintiff's employer, defendant had access to all the necessary information to establish the amount of plaintiff's unpaid overtime, off-the-clock time, missed meal and rest periods, and other damages alleged in the complaint. It did not do so. Logically, this failure could result from two possibilities: 1) that the evidence does not exist; or 2) that the evidence exists, but defendant did not want to produce it. In the first case, where no evidence of plaintiffs' damages exists, defendant obviously cannot provide evidence to prove that those damages exceed $75,000 and remand is required based on defendant's failure to meet its burden to prove this jurisdictional element. In the second case, where the evidence exists but is not produced, a presumption against defendant arises that had this evidence been produced, it would have been adverse to defendant's position, *See, Hammond Packing Co. v. Arkansas,* 212 U.S. 322, 351 (1909) (reiterating long-held rule that failure to produce evidence in a party's possession creates a presumption that had the evidence been produced it would have been adverse to the party's case.) As is readily apparent, in either case defendant has failed to meet its burden to prove the amount in controversy element with "summary judgment-type evidence."

Although plaintiff is not required to show that his damages are not in excess of the jurisdictional minimum, it is readily apparent from the facts surrounding plaintiff's employment and the allegations of his complaint that his damages do not exceed the jurisdictional minimum. Plaintiff was employed by defendant for only three weeks at an hourly rate of $10.50 per hour. Accordingly, since it is apparent

MEMORANDUM OF POINTS & AUTHORITIES

5

that plaintiff's damages do not exceed the jurisdictional minimum, the case should be remanded to state court.

## V.
## CHHORN IS ENTITLED TO ATTORNEYS' FEES FOR FRIVILOUS REMOVAL

Defendant's removal of this Action is objectively unreasonable. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Where the removal is objectively unreasonable, an award attorney's fees under § 1447(c) is appropriate. *See Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141 (2005); *See also, Lussier v. Dollar Tree Stores, Inc.,* 518 F.3d 1062, 1065 (9th Cir. 2008). Here, Defendant's removal is based entirely on Defendant's unsupported statements that the amount in controversy in this matter exceeds $75,000, as discussed above.

Plaintiff's counsel has spent a total of 8.4 hours reviewing Defendants' removal papers, and researching and preparing this motion to remand. (*Id.*, ¶9). I anticipate spending an additional 5 hours in reviewing any opposition and preparing a reply to any opposition filed by Defendants, and in preparing for, traveling to and from and appearing at the hearing on the motion. (*Id.*). Counsel requests a reasonable hourly rate of $350 per hour, which amount is consistent with fee requests made and rates charged in other matters and comparable to rates charged by attorneys with similar skill and experience in the Los Angeles area. (*Id.*). Therefore, Plaintiff respectfully requests and award of reasonable attorneys' fees in the amount of $4,690 on account of the frivolous removal of this action. In addition, $60 in costs are anticipated to be incurred in connection with providing Chambers Copies of the documents associated with this Motion. (*Id.,* ¶10). Thus, a total of $4,750 in fees and costs is requested. (*Id.*).

/ / /

# VI.

# **CONCLUSION**

For all the foregoing reasons, defendant has failed to demonstrate an amount in controversy exceeding $75,000 as required by 28 U.S.C. section 1332(a). Plaintiff Chhorn respectfully requests the Court remand this matter to the San Joaquin County Superior Court, and to award attorneys' fees against Defendants and their attorneys, jointly and severally, in the amount of $4,013.

DATED: June 29, 2018                              ABRAMSON LABOR GROUP

                                                  By:_____/s/_____
                                                      Christina Begakis, Esq.
                                                      Attorney for Plaintiff

1
2

## **PROOF OF SERVICE**

3
4
5

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 3580 Wilshire Boulevard, Suite 1260, Los Angeles, California 90010.

6
7
8

On the below date, I served a true copies of the foregoing documents described as **MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO REMAND THIS ACTION TO STATE COURT PURSUANT TO 28 USC §1447(c)** on all interested parties in this action directed as follows:

9
10
11
12

Gary T. Lafayette, Esq.
Susan Kumagai, Esq.
Africa E. Davidson, Esq.
LAFAYETTE & KUMAGAI LLP
1300 Clay Street, Suite 810
Oakland, California 94612

13
14
15
16

/_X_/ With the Clerk of the United States District Court of Eastern District of California, using the CM/ECF System. The Court's CM/ECF System will send an e-mail notification of the foregoing filing to the parties and counsel of record who are registered with the Court's CM/ECF System.

17
18

/___/ (BY PERSONAL SERVICE) I caused such envelope to be delivered by hand to addressee.

19
20
21

/___/ (BY OVERNIGHT MAIL)   I am "readily familiar" with the firm's practice of collection and processing correspondence for overnight mailing. Under that practice it would be deposited with an overnight delivery service, courier fees paid, in accordance with the courier services terms.

22
23

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

24
25

Executed on June 29, 2018 at Los Angeles, California.

26
27

                                             _____
                                             Declarant, Christina Begakis

28